NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME ROQUES-JUAREZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-72722<br><br>Agency No. A206-784-500<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Jaime Roques-Juarez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Roques-Juarez did not demonstrate exceptional and extremely unusual hardship in his application for cancellation of removal, and Roques-Juarez does not raise a colorable question of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003) ("[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction."). Because the hardship determination is dispositive, we do not reach Roques-Juarez's contentions regarding the remaining factors for eligibility for cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

Roques-Juarez's contentions that the IJ improperly denied voluntary departure and failed to inform him of his apparent eligibility for this relief are not supported because the record shows that he did not apply for voluntary departure.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

18-72722